UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| James Tyrone Smith, | Case No. 20-CV-1294 (JRT/TNL) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Jeffrey Fikes, | |
| Respondent. | |

---

James Tyrone Smith commenced this action by filing a petition for a writ of habeas corpus seeking release on the grounds that his confinement had become unsafe due to the ongoing COVID-19 pandemic. *See* ECF No. 1. Shortly after the application was filed, Smith submitted a motion to amend his pleading. *See* ECF No. 5. That motion to amend was granted. *See* ECF No. 9.

Not long thereafter, Smith filed an ambiguous document that was labeled both as an "amended petition" and as a "motion to preserve" a constitutional challenge. *See* ECF No. 10. The amended petition did not reassert the claims in the original pleading founded in safety concerns. Instead, Smith argued that he "has been prejudiced by a prior State of New Jersey State case that he was charged on, but not convicted." *Id*. at 1. Put another way, whereas the original petition [ECF No. 1] was an attack on the legality of the conditions of Smith's confinement, the amended petition [ECF No. 10] is an attack on the legality of Smith's sentence.

1

Smith has since filed a *third* pleading. *See* ECF No. 13. This pleading, unlike the previous two, is labeled as a "complaint," not a habeas petition. *Id.* Like the first pleading, but unlike the second, the third pleading raises claims related to the COVID-19 pandemic. And the third pleading is signed not only by Smith, but also by another prisoner who intends to act as co-plaintiff.

The Court is thus now faced with three pleadings from Smith, each of which is substantially different from (and, indeed, in some ways incompatible with) the others. The claims from the three pleadings cannot simply be considered in tandem, as though Smith had filed a single pleading raising each of the claims for relief. A habeas petition may not be used to attack the legality of the conditions of a prisoner's confinement. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). Accordingly, Smith's decision to label his third pleading as a "complaint" was appropriate; the document alleges that prisoners at the institution where he is confined have been made subject to unsafe living conditions, and he seeks relief on that basis.

But because the third pleading is a civil complaint, different rules regarding service of process, discovery, and much else apply to that document compared to the first two pleadings, which are habeas petitions. Similarly, civil complaints filed by prisoners, unlike petitions for writs of habeas corpus, are governed by the Prison Litigation Reform Act ("PLRA"). Civil actions are also subject to a $400.00 filing fee,[1] whereas habeas

---

[1] The statutory filing fee for new actions commenced in a federal district court is $350.00. 28 U.S.C. § 1914(a). On May 1, 2013, however, the district courts began to assess an additional $50.00 administrative fee, raising the total fee to $400.00.

2

petitions are subject to only a $5.00 fee. *See* 28 U.S.C. § 1914(a). For those reasons, prisoners cannot raise habeas claims and civil claims in a single proceeding; the claims must be bifurcated across actions, one commenced through a complaint and the other commenced through a habeas petition. In the meantime, the Court must sort out the competing pleadings filed by Smith in this matter and determine which is operative.

The second pleading — the document attacking the legality of Smith's sentence — should be regarded as the operative pleading. Although that document was filed after the time had passed for amending a pleading as a matter of course, *see* Fed. R. Civ. P. 15(a)(1), Smith had been granted leave to file an amended pleading, and he did so within the deadline established by this Court. The second pleading therefore superseded the first pleading upon filing and became operative. By contrast, Smith did not request and was not granted leave to replace the second pleading with the third pleading. That pleading therefore did not become operative upon filing.

Although "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), this Court finds that justice would better be served not by permitting a new amended pleading in this matter, but rather by initiating a new civil matter with the third pleading [ECF No. 13] acting as the complaint. Because Smith cannot raise both the civil claims related to COVID-19 and the habeas claims related to the legality of his sentence in the same action, initiating a second case will permit Smith to prosecute both sets of claims — one case related to Smith's habeas claims, the other case related to Smith's civil claims. Furthermore, Smith will not be prejudiced by the initiation of a new proceeding. Although that proceeding would be subject to the PLRA, the same would be

3

true of this matter if Smith's third pleading were made operative.  Further, any new action would be no further along than this matter if Smith's third pleading were to be made operative: in either case, Smith (and his co-plaintiff) would be required to pay the $400.00 filing fee or submit applications to proceed IFP, at which time the pleading would become subject to preservice review under 28 U.S.C. § 1915A.

With the third pleading becoming operative in a separate matter, the second pleading remains operative in this matter.  In that pleading, Smith argues that he was erroneously found at sentencing to be a career offender under the United States Sentencing Guidelines due at least in part to charges for which he was never convicted.  Smith also argues that the application of the Sentencing Guidelines to that putative conviction would violate the Ex Post Facto clause of the Constitution.  Finally, Smith argues that his defense counsel was ineffective for having failed to raise these challenges before the district court or on direct appeal.

Smith's habeas petition is subject to review under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]  Based on that review, this Court concludes that it lacks jurisdiction over Smith's claims and therefore recommends dismissal of this matter without prejudice.

"It is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v.*

---

[2] Although Smith's petition is not brought under 28 U.S.C. § 2254, the Rules Governing Section 2254 Cases nevertheless may be applied to his petition.  *See* Rule 1(b).

*Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003).  Federal district courts lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  See 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is often referred to as the "savings clause."  *See Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004).

Neither the Supreme Court nor the United States Court of Appeals for the Eighth Circuit has set forth the exact contours of the savings clause. It is clear, however, that the savings clause applies very narrowly.  For example, "[i]t is well established that in order to establish a remedy is inadequate or ineffective under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition." *Abdullah*, 392 F.3d at 959.  Thus, it is not enough to show that a motion under § 2255 would now be untimely, or that the motion would now require authorization due to being "second or successive." *See United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (collecting cases).  At a minimum, the petitioner seeking to invoke the savings clause must show that he "had no earlier procedural opportunity to present his claims." *Abdullah*, 392 F.3d at 963; *accord United States v. Barrett*, 178 F.3d 34, 52 (1st Cir. 1999) ("[W]here a prisoner had an opportunity

5

to present his claim properly in his first § 2255 petition, but failed to do so, any 'ineffectiveness' of his current § 2255 petition is due to him and not to § 2255.").

The claims raised by Smith in his habeas petition — that criminal charges for which he was not convicted were improperly used at sentencing to find that he was a career offender; that the sentencing court's application of the Sentencing Guidelines violated the Ex Post Facto clause — were or should have been known to Smith at the time of his direct appeal and therefore should have been raised at that time. *See, e.g.*, *Anderson v. United States*, 25 F.3d 704, 706-07 (8th Cir. 1994). Any ineffective-assistance claims related to the failure of Smith's attorney to raise these challenges could have been raised in § 2255 proceedings. That a procedural rule may prevent Smith from now raising these arguments in § 2255 proceedings does not render that provision inadequate or ineffective. *See Lurie*, 207 F.3d at 1077.

Accordingly, it is recommended that Smith's third pleading [ECF No. 13] be used to commence a new civil proceeding, and that this matter — which is governed by the Smith's second pleading [ECF No. 10] — be dismissed without prejudice for lack of jurisdiction.

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. A new civil action be commenced with the amended pleading of petitioner James Tyrone Smith [ECF No. 13] acting as the operative pleading in that matter.

2.  Smith's petition for a writ of habeas corpus [ECF No. 10] be DISMISSED WITHOUT PREJUDICE.

Dated: October 12, 2020            *s/Tony N. Leung*_____
                                    Tony N. Leung
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).